

# EXHIBIT B

**UNITED STATES PATENT AND TRADEMARK OFFICE**
———————————

**BEFORE THE PATENT TRIAL AND APPEAL BOARD**
———————————


WOLFSPEED, INC.
Petitioner

v.

THE TRUSTEES OF PURDUE UNIVERSITY
Patent Owner

———————————

U.S. Patent No. 7,498,633
*Inter Partes Review* No. 2022-00761
———————————


**PETITIONER'S REQUEST FOR DIRECTOR REVIEW
OF THE BOARD'S INSTITUTION DECISION**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................. 1

II.  PROCEDURAL BACKGROUND ............................................. 4

    A.  The 252 Proceeding ............................................................ 4

    B.  Wolfspeed's Petition and the Board's Initial Institution Decision ...... 5

    C.  The Director's *Sua Sponte* Review Decision and the Board's Remand Institution Decision............................................................. 7

III.  STANDARD OF REVIEW ..................................................... 8

IV.  ARGUMENT..................................................................... 8

    A.  The Board Abused Its Discretion By Disregarding the Director's *Sua Sponte* Review Decision ................................................... 8

    B.  The Remand ID Raises Important Issues of Law Because the Board Applied an Overly Rigid Test for Obviousness ...............................12

    C.  The Remand ID Raises Important Issues of Policy Because the Board's Obviousness Analysis Elevated Form Over Substance ........14

V.  CONCLUSION ................................................................15

Case 1:21-cv-00840-WO-LPA   Document 179-2   Filed 10/09/23   Page 3 of 22

## TABLE OF AUTHORITIES

**Cases**

*Belden Inc. v. Berk-Tek LLC,*
    805 F. 3d 1064 (Fed. Cir. 2015) ................................................................. 14

*Ericsson Inc. v. Intellectual Ventures I LLC,*
    901 F.3d 1374 (Fed. Cir. 2018) ................................................................... 9

*EWP Corp. v. Reliance Universal Inc.,*
    755 F. 2d 898 (Fed. Cir. 1985) .................................................................. 12

*Harmonic Inc. v. Avid Tech., Inc.,*
    815 F.3d 1356 (Fed. Cir. 2016) ................................................................. 11

*KSR Int'l Co. v. Teleflex Inc.,*
    550 U.S. 398 (2007) .......................................................................... *passim*

*In re Taylor Made Golf Co., Inc.,*
    589 Fed. Appx. 967 (Fed. Cir. 2014) ........................................................ 14

*In re TS Tech. USA Corp.,*
    551 F.3d 1315 (Fed. Cir. 2008) ................................................................ 12

*In re Wesslau,*
    353 F.2d 238 (CCPA 1965) ...................................................................... 12

**Statutes and Rules**

35 U.S.C. § 103 ........................................................................................... 12

35 U.S.C. § 312 ........................................................................................... 15

35 U.S.C. § 314 ............................................................................................. 8

35 U.S.C. § 325 ........................................................................................ 1, 7

37 C.F.R. § 42.71 .......................................................................................... 1

37 C.F.R. § 42.104 ...................................................................................... 15

Case 1:21-cv-00840-WO-LPA   Document 179-2   Filed 10/09/23   Page 4 of 22

**Other Authority**

PTAB Standard Operating Procedure 2, Rev. 11.................................................12

Revised Interim Director Review Process ...................................................1, 8, 12

H.R. Rep. No. 112-98, pt. 1, at 40 (2011) .............................................................14

Case 1:21-cv-00840-WO-LPA   Document 179-2   Filed 10/09/23   Page 5 of 22

## I.     INTRODUCTION

Pursuant to 37 C.F.R. § 42.71 and the Revised Interim Director Review Process, Petitioner Wolfspeed requests that the Director review the Board's Decision After Director Remand Denying Institution.  Paper 19 ("Remand ID").

This is the second time in this proceeding that Wolfspeed has sought review of a Board decision denying institution.  On December 8, 2022, Wolfspeed requested review by the Precedential Opinion Panel ("POP") of the Board's first decision denying institution under 35 U.S.C. § 325(d).  Paper 11.  In that decision, the Board held that Wolfspeed's Petition relied on substantially the same prior art as an earlier petition by STMicroelectronics ("ST") in IPR2022-00252 (the "252 Proceeding").  On March 30, 2023, the Director dismissed the POP request and issued a *sua sponte* review decision vacating the Board's institution decision and remanding for further analysi*s*.  Paper 13 ("Director Review Decision").

Relevant to the instant request, the Director Review Decision analyzed the scope of the prior art in Wolfspeed's Petition and found that it presented "material differences" compared to the prior art ST relied on in the 252 Proceeding.  Paper 13 at 7-8.  Whereas ST relied on Williams, whose transistor topology suffered from a "loss of 'ruggedness,'" Wolfspeed relied on Depetro, whose "transistor topology would not compromise ruggedness…."  *Id*. at 8.  The Director specifically cited Wolfspeed's reliance on the embodiment in Figures 5-7 of Depetro, which teaches

a strongly doped p+ region to ruggedize the device against parasitic breakdown. *Id.* (citing Petition at 66, n. 9 and Depetro at 3:45-54). That teaching differentiated Wolfspeed's prior art from the 252 Proceeding, and required vacating the Board's institution decision and remanding for further proceedings.[1]

On remand, however, the Board disregarded the Director's findings. Rather than crediting Wolfspeed's reliance on the embodiment in Figures 5-7 of Depetro— as the Director had—the Board restricted its analysis to the embodiment of Figure 1. Paper 19 at 27. The Board reasoned that the Figure 1 embodiment suffered from the same drawback as the Williams reference at issue in the 252 Proceeding, and thus held there would not have been a motivation to combine Depetro with Wolfspeed's primary reference, Ryu. *Id.* at 28. That determination directly conflicts with the Director's Review Decision, was an abuse of discretion, and warrants review.

The Board's decision also implicates important issues of law and policy. As explained in *KSR*, the obviousness analysis should take an "expansive and flexible approach." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415 (2007). An important

---

[1] The Director made similar findings with respect to the Choy reference, which Wolfspeed relied on in Ground 2 of the Petition. Paper 13 at 6-8. For purposes of this request Wolfspeed focuses on Depetro, but the same arguments apply to Choy.

aspect of that approach is that a reference like Depetro is prior art for all that it teaches.  The Board violated that principle when it restricted its obviousness analysis to the embodiment in Figure 1 of Depetro, to the exclusion of the teachings associated with Figures 5-7.  Not only were those teachings critical to distinguishing Wolfspeed's Petition from the 252 Proceeding—as the Director Review Decision had explained—but the teachings also established a non-hindsight reason for why and how a person of ordinary skill in the art ("POSITA") would have combined Depetro with a known MOSFET device like Ryu—thus rendering the challenged claims obvious.

To justify its determination, the Board segregated the embodiment in Figure 1 of Depetro from the embodiment in Figures 5-7.  But, as Depetro expressly teaches —and as Wolfspeed explained in its Petition—the strongly doped p+ region in Figures 5-7 builds on and improves the prior-art topology in Figure 1.  Ex. 1004 at 3:45-54; Pet. at 36.  Wolfspeed relied on those same teachings to explain why a POSITA would look to the strongly doped p+ region of Figures 5-7 to address any ruggedness concerns associated with the prior-art topology.  *Id*. at 66, n. 9; *see also id*. at 16-17.

The Board, however, discounted Wolfspeed's reliance on Figure 5-7 because it appeared in sections of the Petition describing the technology background, the scope and content of the prior art, and motivation to combine.  Paper 19 at 28.  As a

Case 1:21-cv-00840-WO-LPA   Document 179-2   Filed 10/09/23   Page 8 of 22

matter of policy, the Board has never required a specific structure for obviousness grounds, or held that arguments in the technology background, prior-art discussion, or motivation-to-combine section are entitled to less weight. Indeed, that type of policy would elevate form over substance and conflict with the flexible nature of the obviousness inquiry. The Director's *sua sponte* Review Decision underscored that the arguments and evidence Wolfspeed put forward regarding how a POSITA would combine the teachings of the prior art were material to the Petition. The Board failed to follow that guidance.

## II.    PROCEDURAL BACKGROUND

### A.    The 252 Proceeding

ST, a non-related party, filed its petition for *inter partes* review on December 6, 2021. *See* IPR2022-00252, Paper 1. ST's petition relied on a single ground of invalidity: obviousness based on U.S. Publication No. 2004/0119076 ("Ryu") and U.S. Patent No. 6,413,822 ("Williams"). *Id*. at 39. ST argued that the silicon-carbide ("SiC") MOSFET of Ryu could be modified to incorporate the topside topology in Figure 19E of Williams, which includes p+ "contact windows" in an n+ source region. *Id*. at 63-64. Regarding motivation to combine, ST argued that "a POSITA would have been motivated to use Williams's teachings of multiple and periodic P+ body contact regions in Ryu to maximize the contact of the p+ regions and ruggedize Ryu's MOSFET." *Id*. at 69.

- 4 -

The Board denied institution on June 22, 2022, finding that ST failed to establish a motivation to combine the teachings of Ryu and Williams. IPR2022-00252, Paper 13 at 17-20. The Board disagreed with ST that the topology in Figure 19E of Williams would "ruggedize" the SiC MOSFET of Williams, and concluded that ST's proffered motivation was based on hindsight. *Id*. at 17-19.

## B. Wolfspeed's Petition and the Board's Initial Institution Decision

Wolfspeed filed its Petition on March 25, 2022. Paper 2. Ground 1 of the Petition relied on Ryu in combination with U.S. Patent No. 6,043,532 ("Depetro"). *Id*. at 38-41. Wolfspeed explained that Ryu disclosed a SiC MOSFET with the same vertical structure as the '633 Patent, but was silent regarding the topology of the n+ source region and p+ base contacts. *Id*. Wolfspeed then explained that a POSITA would have been motivated to use the topology disclosed in Depetro—with spaced-apart p+ contacts in an n+ source region—because it would reduce the on-resistance of the device, which was a stated goal of Ryu. *Id*. at 64-66.

In both the technology-background and motivation-to-combine sections of its Petition, Wolfspeed differentiated its analysis from ST by recognizing that a known tradeoff associated with spaced-apart p+ base contacts would be a reduction in ruggedness. *Id*. at 66, n.9. Wolfspeed explained, however, that a POSITA would have offset the reduction by adjusting the size and doping of the p+ contacts:

> As explained in Williams, the tradeoff for increasing the effective area of the n+ source region is a reduction in ruggedness of the device. Ex.

- 5 -

1006 at 16:28-35. That tradeoff would not dissuade a POSITA from adopting spaced apart p+ regions, because he or she would have recognized that the design can be balanced by adjusting the size and doping concentration of the p+ regions. *Id*.; Ex. 1010 ¶ 124.

*Id*.; *see also id*. at 16-17.

Wolfspeed also discussed the Depetro reference in detail and explained how the teaching in Figures 5-7 builds on the prior art topology of Figures 1-2, in order to ruggedize the device against turn-on of the parasitic bipolar junction transistor:

> Depetro recognizes that the device shown in Figures 1-2 was part of the prior art. *Id*. Depetro seeks to improve the device by introducing a strongly doped p+ region at the corner of the body to draw current and prevent turn on of the parasitic BJT shown in Figure 2. *Id*. at 2:4-26; 3:45-66. Figure 5 illustrates how the region 30 is integrated into the prior-art device of Figure 2, which retains the same arrangement of spaced-apart p+ base contacts.

*Id*. at 36.

And Wolfspeed specifically relied on the teaching in Figures 5-7 of Depetro as a technique to maintain ruggedness, and explained that a POSITA would have followed that teaching when applying the spaced-apart p+ implant topology to Ryu:

> Furthermore, Depetro accounts for the potential reduction in ruggedness by introducing a strongly doped p+ region at the edge of the body. Ex. 1004 at 3:45-54. A POSITA would have understood that similar considerations could be applied to Ryu in order to achieve the benefit of reduced on-resistance without compromising ruggedness.

*Id*. at 66, n.9; *see also* Ex. 1010 ¶ 124.

- 6 -

Notwithstanding these differences, the Board denied Wolfspeed's Petition under § 325(d), finding that it relied on substantially the same prior art as ST's petition in the 252 Proceeding. Paper 9 at 12-13. The Board held that Wolfspeed "consistently" relied on Figure 1 of Depetro, which—according to the Board—was not materially different than the topology in Figure 19E of Williams. *Id.*

### C. The Director's *Sua Sponte* Review Decision and the Board's Remand Institution Decision

On December 8, 2022, Wolfspeed requested review of the Board's institution decision, and on March 30, 2023, the Director issued a *sua sponte* Review Decision vacating the Board's denial of institution and remanding for further proceedings. Papers 10, 13. The Review Decision explained that "Depetro and Choy [relied on by Wolfspeed] are not substantially the same prior art as Williams [relied on by ST]." *Id.* at 8. In particular, "Depetro and Choy… lack Williams's disclosure regarding loss of 'ruggedness,'" and "Petitioner [Wolfspeed] relies upon Depetro's teachings and its expert's testimony to assert that Depetro's transistor topology would not compromise ruggedness, unlike Williams's transistor topology." *Id.* In reaching that conclusion, the Director specifically identified Wolfspeed's reliance on Depetro column 3, line 45-54, which describes the embodiment of Figures 5-7, along with Wolfspeed's explanation that "Depetro accounts for the potential reduction in ruggedness by introducing a strongly doped p+ region at the edge of the body." *Id.* (citing Pet. at 66 n.9; Ex. 1004, 3:45–54).

In light of these "material differences," the Director vacated the Board's institution decision and remanded for further proceedings. *Id*. at 7-9. Following a request for rehearing by Purdue—which the Director denied—the Board issued its Remand ID and denied institution under 35 U.S.C. § 314. Paper 19. Despite the Director having specifically identified Wolfspeed's reliance on the embodiment in Figures 5-7 of Depetro, the Board found that Wolfspeed's "decisive argument" was based on the embodiment in Figure 1, limited its analysis to that embodiment, and found that there was not a sufficient motivation to combine. *Id*. at 28-29. The Board noted Wolfspeed's reliance on Figures 5-7—and even acknowledged that the embodiment was designed to improve ruggedness—but discounted these parts of the Petition because they appeared in sections devoted to the technology background, the scope and content of the prior art, and motivation to combine. *Id*. at 26-28.

## III. STANDARD OF REVIEW

"Requests for Director Review of the Board's decision whether to institute an AIA trial … shall be limited to decisions presenting (a) an abuse of discretion or (b) important issues of law or policy." *See* Revised Interim Director Review Process.

## IV. ARGUMENT

### A. The Board Abused Its Discretion By Disregarding the Director's *Sua Sponte* Review Decision

An abuse of discretion arises if the Board's decision "is clearly unreasonable." *Ericsson Inc. v. Intellectual Ventures I LLC*, 901 F.3d 1374, 1379 (Fed. Cir. 2018)

- 8 -

(quotation omitted).  Here, the Board's Remand ID is clearly unreasonable because it contradicts express findings in the Director's *sua sponte* Review Decision.

A key determination of the Director's Review Decision was that the prior art in Wolfspeed's Petition had ***material differences*** compared to the prior art at issue in the 252 Proceeding.  Paper 13 at 7.  The Director explained that Wolfspeed's Petition "relies on each of Depetro and Choy, instead of Williams, to teach the relevant transistor topology feature of 'base contact regions being spaced apart from each other in a direction parallel to the longitudinal axis.'"  *Id.* at 5.  Whereas "Williams discloses a transistor topology that results in a 'less rugged' device. … Depetro and Choy, cited in the instant Petition, lack Williams's disclosure regarding loss of 'ruggedness.'" *Id.* at 8.

In reaching that conclusion, the Director specifically identified Wolfspeed's reliance on column 3, lines 45-54 of Depetro, which describes the embodiment of Figures 5-7 and teaches the use of the strongly doped p+ region at the edge of the device to improve ruggedness.  *Id.*; Ex. 1004 at 3:45-54.  The Director also cited Page 66, Note 9 of the Petition, which explains that a POSITA would have looked to the embodiment in Figures 5-7 of Depetro to address any ruggedness concern. Paper 17 at 6, 8 ("The Petition … explains that Depetro accounts for the potential reduction in ruggedness by introducing a strongly doped p+ region at the edge of the body.") *Id.*  And the Director credited Wolfspeed's reliance on Depetro for this very

purpose. *Id*. at 8 ("Indeed, Petitioner relies upon Depetro's teachings and its expert's testimony to assert that Depetro's transistor topology would not compromise ruggedness, unlike Williams's transistor topology.").

The Board's Remand ID contradicted the Directors' Review Decision. Paper 19 at 26-28. The Board acknowledged Wolfspeed's reliance on the strongly doped p+ region in Figures 5-7 of Depetro—and even "agree[d] with Petitioner that this disclosure describes Depetro's solution for balancing the tradeoff between on-resistance reduction and parasitic turn-on prevention"—but the Board refused to credit those arguments and disclosures in its determination that Wolfspeed had failed to establish a reasonable likelihood of prevailing on the merits. *Id*. at 25-27. The Board segregated the embodiment in Figure 1 of Depetro from the embodiment in Figures 5-7, and concluded that Wolfspeed's challenge was based only on the former. *Id*.

What the Board failed to appreciate is that Wolfspeed specifically explained how the strongly doped p+ region in Figures 5-7 builds on and improves the prior-art topology of Figures 1-2. Pet. at 36. And Wolfspeed expressly relied on the Figures 5-7 teaching to explain how a POSITA would have implemented the prior-art topology to achieve the benefit of reduced on-resistance without compromising ruggedness. Pet. at 16-17, 66, n. 9. Indeed, the basis of the Board's decision was that a POSITA would ***not*** have adopted the spaced-apart p+ implants as shown in

Case 1:21-cv-00840-WO-LPA   Document 179-2   Filed 10/09/23   Page 15 of 22

Figure 1 of Depetro due to concerns over ruggedness. Paper 19 at 27. But—as the Director acknowledged—Wolfspeed had explained exactly how the POSITA would have alleviated those concerns by following the teachings in Figures 5-7. Paper 13 at 6, 8; Pet. at 16-17, 66 n. 9; Ex. 1010 ¶ 1024.

*Harmonic Inc. v. Avid Tech., Inc.*—which the Board relied on to support its denial of institution—is inapposite. 815 F.3d 1356, 1363 (Fed. Cir. 2016). *Harmonic* reinforces that a "petitioner has the burden from the onset to show with particularity why the patent it challenges is unpatentable." *Id.* (citing 35 U.S.C. § 312). But there, the petitioner failed to meet its burden because the prior art relied upon had "no express teaching" of a specific claim element, and the petitioner resorted to "several unsupported and inferential theories" to fill the gap. *Id.* In this proceeding, there is no dispute that Ryu and Depetro disclose all of the claim elements. Paper 19 at 26-28. And—as the Director acknowledged—Wolfspeed relied on the teachings in Figures 5-7 of Depetro to explain ***how*** a POSITA would achieve the benefit of reduced on-resistance without compromising ruggedness. Paper 13 at 6, 8.

Given that the Director expressly credited Wolfspeed's reliance on Depetro's teaching of a strongly doped p+ region as shown in Figures 5-7, it was clearly unreasonable—and an abuse of discretion—for the Board to disregard it or find it insufficiently articulated. Paper 13 at 6-8. Indeed, Director review decisions are, by default, "routine" and therefore binding on the proceeding in which they issue. *See*

- 11 -

PTAB SOP 2, Rev. 11 at 2, 5; Revised Process at 5.B. Here, the Director's findings and conclusions regarding Wolfspeed's reliance on Depetro are binding on the instant proceeding, and it was an abuse of discretion for the Board to circumvent them. *Id.*; *Cf. In re TS Tech. USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (district court abused its discretion by ignoring binding precedent).

### B. The Remand ID Raises Important Issues of Law Because the Board Applied an Overly Rigid Test for Obviousness

In *KSR v. Teleflex*, the Supreme Court reaffirmed that obviousness under 35 U.S.C. § 103 demands "an expansive and flexible approach." 550 U.S. at 415. *KSR* rejected a rigid formalistic test, and instead emphasized factors like the background knowledge of a POSITA and the creative steps and inferences he would employ when combining the prior art. *Id.* at 418. An important principle of the expansive and flexible approach is that a "reference must be considered for everything it teaches…." *EWP Corp. v. Reliance Universal Inc.*, 755 F. 2d 898, 907 (Fed. Cir. 1985). "It is impermissible within the framework of section 103 to pick and choose from any one reference only so much of it as will support a given position, to the exclusion of other parts necessary to the full appreciation of what such reference fairly suggests to one of ordinary skill in the art." *In re Wesslau*, 353 F.2d 238, 241 (CCPA 1965).

The Board's Remand ID violated these principles by restricting its analysis to Figure 1 of Depetro, to the exclusion of Figures 5-7 and the broader knowledge of a

- 12 -

POSITA. Paper 19 at 26-28. Wolfspeed's Petition explained that ruggedizing a power MOSFET against turn-on of the parasitic transistor was a known design consideration, with known techniques to address it. Pet. at 16-17. The Petition then detailed Depetro's solution in Figures 5-7, which built on the prior-art topology of Figures 1-2 by using a highly doped p+ region at the edge of the device to improve ruggedness. *Id*. at 36. And the Petition explained that utilizing Depetro's solution would allow a POSITA to achieve the benefit of the prior-art topology—reduced on-state resistance—without compromising ruggedness. *Id*. at 66, n. 9.

This is the background knowledge and the "inferences and creative steps that a person of ordinary skill in the art would employ" when analyzing a prior art reference like Depetro. *KSR*, 550 U.S. at 418. Unlike the Board, a POSITA would not have limited his analysis to only Figures 1-2. Rather, he would have analyzed the teachings of the reference *as a whole* and concluded that the prior-art embodiment of Figures 1-2 identifies spaced-apart p+ base contacts as a known transistor topology, while the embodiment in Figures 5-7 provides a technique to achieve the benefit of the prior-art design—again, without compromising ruggedness. Pet. at 66, n.9; Ex. 1004 at 3:45-54.

The Board's obviousness analysis was legal error because it failed to account for the teachings of the prior art as a whole, the background knowledge of a POSITA, and the manner in which he would have applied those teachings. *KSR*, 550 U.S. at

- 13 -

418; *Belden Inc. v. Berk-Tek LLC*, 805 F. 3d 1064, 1076 (Fed. Cir. 2015) (legal error where the Board's motivation-to-combine analysis "violate[d] the principle that a reference must be considered for everything it teaches") (cleaned up); *In re Taylor Made Golf Co., Inc.*, 589 Fed. Appx. 967 (Fed. Cir. 2014) (Board failed to evaluate the prior art in the context of the background knowledge of a POSITA).

Wolfspeed respectfully requests that the Director review the Remand ID, hold that it was contrary to law and an abuse of discretion for the Board to restrict its analysis to Figure 1 of Depetro, and clarify that—when presented in a petition for *inter partes* review—the Board must consider the teachings of the prior art as a whole and the background knowledge of a POSITA in evaluating obviousness. This is an important issue of law which, if not addressed, could frustrate the goal of *inter partes* review to "improve patent quality and limit unnecessary and counter-productive litigation costs." H.R. Rep. No. 112-98, pt. 1, at 40 (2011).

### C. The Remand ID Raises Important Issues of Policy Because the Board's Obviousness Analysis Elevated Form Over Substance

Finally, the Remand ID also raises an important issue of policy related to the manner in which obviousness challenges are presented to the Board. As detailed above, the Remand ID acknowledged Wolfspeed's reliance on the strongly doped p+ region in Figures 5-7 of Depetro, and the Board even "agree[d] with Petitioner that this disclosure describes Depetro's solution for balancing the tradeoff between on-resistance reduction and parasitic turn-on prevention." Paper 19 at 25-27. The

- 14 -

Board discounted those arguments and disclosures, however, because they appeared in sections of the Petition discussing the technology background, the scope and content of the prior art, and motivation to combine. *Id*. at 28-29.

The Board's analysis improperly elevated form over substance. As a matter of policy, nothing in the governing statute or rules requires a specific form or structure for obviousness challenges. 35 U.S.C. § 312(a); 37 C.F.R. § 42.104(b). Nor has the Director ever held that arguments and evidence presented in connection with the technology background, the scope and content of the art, or motivation to combine are entitled to less weight. That, of course, is consistent with the expansive and flexible approach to obviousness outlined in *KSR*, which considers the background knowledge of a POSITA and the manner in which he or she would combine the teachings of the prior art as highly relevant factors. 550 U.S. at 418.

By discounting these sections of Wolfspeed's Petition, the Board elevated form over substance and divorced its reasoning from the analysis a POSITA would have undertaken. Wolfspeed requests that the Director review the Remand ID and find that it was contrary to policy and an abuse of discretion for the Board to discount certain arguments and evidence based on where they appear in the Petition.

## V.  CONCLUSION

For the foregoing reasons, Wolfspeed respectfully requests that the Director review the Board's Remand ID and vacate or reverse its denial of institution.

- 15 -

Respectfully submitted,

Date: August 21, 2023

/s/    *Raymond N. Nimrod*

Raymond N. Nimrod
Reg. No. 31,987
raynimrod@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel:  (212) 849-7000
Fax: (212) 849-7100

Jared W. Newton
Reg. No. 65,818
jarednewton@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW, 9th Floor
Washington, DC 20005
Tel:  (202) 538-8000
Fax:  (202) 538-8100

*Counsel for Petitioner Wolfspeed*

- 16 -

## **CERTIFICATE OF SERVICE**

Pursuant to 37 C.F.R. §§ 42.6(e), 42.105(a), the undersigned hereby certifies

service on the Patent Owner of a copy of this Request for Director Review to the

following attorneys of record via email:

ARMOND WILSON LLP

Michelle E. Armond, michelle.armond@armondwilson.com
Douglas R. Wilson, doug.wilson@armondwilson.com
Patrick G. Maloney, patrick.maloney@armondwilson.com
Josepher Li, josepher.li@armondwilson.com
ipr@armondwilson.com

Date: August 21, 2023      /s/       *Jared W. Newton*
                             Jared Newton
                             Reg. No. 65,818
                             jarednewton@quinnemanuel.com
                             Quinn Emanuel Urquhart & Sullivan
                             1300 I Street NW, 9th Floor
                             Washington, DC 20005
                             Tel: (202) 538-8000
                             Fax: (202) 538-8100

- 1 -